Filed 3/11/25  P. v. Cruz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083450 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN441033) |
| PLACIDO MOLINA CRUZ, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christine Y. Friedman and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Cruz seeks reversal of two counts in his six-count child molestation conviction. He claims the trial court erred by instructing the jury that it could consider the charged offenses as propensity evidence under Evidence Code[2] section 1108. Finding the instruction proper under California Supreme Court precedent, we affirm.

I.

In 2023, the Office of the San Diego District Attorney charged Cruz with six counts of lewd acts on a child under 14 (Pen. Code, § 288, subd. (a)). The offenses involved three different victims, occurring between 2008 and 2021.

At his 2023 trial, the trial court instructed the jury with CALCRIM No. 1191B as follows:

> The People presented evidence that the defendant committed the crimes of lewd or lascivious act on a child under the age of 14 as charged in Counts One, Two, Three, Four, Five and Six.
>
> If the People have proved beyond a reasonable doubt that the defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in this case.
>
> If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling decision which does not require a reexamination or restatement of its principles or rules." (Cal. Stds. Jud. Amin., § 8.1(2).)

[2] All further undesignated statutory references are to the Evidence Code.

> sufficient by itself to prove that the defendant is guilty of
> another crime. The People must still prove each charge
> and allegation beyond a reasonable doubt.

The jury convicted Cruz of all six counts, and the trial court sentenced Cruz to prison for 16 years. Cruz's timely appeal followed.

II.

Cruz claims the trial court erred by instructing his jury with CALCRIM No. 1191B. Cruz argues the instruction improperly allowed the jury to consider the charged offenses as propensity evidence under section 1108. Cruz acknowledges that "in *People v. Villatoro* (2012) 54 Cal.4th 1152, the California Supreme Court held that section 1108 also permits the jury to draw a propensity inference from currently charged sex offenses and approved giving a modified version of CALCRIM No. 1191, similar to the instruction used in this case."[3] He also concedes "this court is bound to follow *Villatoro's* precedent." Cruz explains that he raised the issue on appeal to request that the California Supreme Court reconsider *Villatoro* and to preserve his federal constitutional claims for a potential future habeas corpus petition.

We agree with Cruz that we are bound to follow *Villatoro*. (*People v. Meneses* (2019) 41 Cal.App.5th 63, 68.) We therefore find that the trial court did not err by instructing the jury with CALCRIM No. 1191B, and we affirm the judgment.

---

[3]    "In short, we conclude nothing in the language of section 1108 restricts its application to uncharged offenses. Indeed, the clear purpose of section 1108 is to permit the jury's consideration of evidence of a defendant's propensity to commit sexual offenses." (*People v. Villatoro, supra,* 54 Cal.4th at p. 1164.)

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


BUCHANAN, J.